## ANDREWS V. BLAKESLEE.

1. FRAUD. When the petition alleged that the defendant was the owner of certain lands which were purchased by the maker of a note of which the plaintiff was the payee; that defendant executed and delivered to such purchaser a deed conveying said lands; that such purchaser executed, for a sufficient consideration, a trust deed conveying the same premises to a trustee for the security of said note; that both of said deeds were deposited with a third person to be held until a patent was procured from the proper department conveying the premises to the party who entered the same; that this arrangement was within the knowledge of the defendant, who knew further that plaintiff was relying upon said conveyance as security for the payment of his note, the maker thereof being a non-resident of the State and insolvent; that the plaintiff procured said patent and had the deeds above mentioned recorded, but that prior thereto the defendant fraudulently conveyed said premises to another party, for the purpose of depriving the plaintiff of his security, by a deed which was recorded prior to the recording of the deeds above mentioned, whereby the title of the trustee was rendered worthless: *Held*, that the petition stated a sufficient cause of action.

*Appeal from Mitchell District Court.*

FRIDAY, JANUARY 10, 1862.

DEFENDANT'S demurrer to the petition was sustained, and plaintiff appeals.

*S. B. Starr* for the appellant.

By the fraudulent act of defendant in conveying to a third person the property which he had conveyed to Batchelder, the plaintiff lost his security for the payment of his debt. Such a conveyance, under such circumstances, was a tortious act resulting in the damage and injury of plaintiff in the amount of his claim, for which the defendant is liable in this action. Cro. & Jac. 478; Hav. & Mun. 685; HOLT, C. J., 1 Salk. 21; 11 John. 136; 14 Ib. 213; *Vanderburgh* v. *Truax*, 4 Denio 464; 7 Wend. 9; *Cully* v. *Avery*, 2 Ib. 380.

*John T. Clark* for the appellee.

There was no fraud in the transaction as shown by the petition. A deed placed in the hands of a third person to hold until the performance of a condition does not take effect until the performance of the condition and the deed is actually delivered to the grantor. 2 John. 259; 12 Ib. 336; 18 Ib. 544; 23 Wend. 43; 6 Wend. 666; 1 Ib. 479; 10 Ib. 310; 11 Ill. 229; *Jackson* v. *Catlin*, 2 John. 260.

WRIGHT, J.—Petition claims one hundred and seventy dollars with interest, and for cause states, that on the 17th of March, 1859, one Batchelder executed to plaintiff a promissory note for $170, due January 1, 1860, for a sum of money then due; that plaintiff agreed to extend the time as aforesaid, in consideration of an agreement of said Batchelder before that time made to secure the said sum; that this agreement was made on or about the 1st of March, 1859; that B. then represented that he had entered into an

agreement with the defendant Blakeslee, by which defendant was to convey to him lots 1, 2 and 3, and the north half of lots 11 and 12 in B. 205, in the village of Osage; upon the completion of which contract Batchelder agreed to execute to plaintiff a trust deed on said premises to secure the amount of his debt; that in pursuance of this agreement he made the note and was to execute the deed when he procured his title from defendant for the lots; that Batchelder had an agreement with defendant as above set forth; that he paid defendant $300, as part of the purchase money and for the balance of the consideration executed a deed for certain real estate, (described); that this was on the 14th of March, 1859, and on that day defendant made a deed to Batchelder for the lots, and on the 17th Batchelder made a trust deed to one Foreman to secure plaintiff's debt; that the lands conveyed by Batchelder to defendant were purchased by one Tupper from the State, and when the deeds above mentioned were executed (to-wit, the deed from Batchelder to Blakeslee, and from Blakeslee to Batchelder,) it was agreed between all the parties, including plaintiff, that said deeds should be left in the hands of one Brush, to be kept until Tupper should obtain his patent from the State; that Tupper had before this conveyed the land to Batchelder; that the deeds were left with Brush, for the purpose of securing for defendant's benefit the execution of the said patent; that plaintiff undertook to procure said patent; that it was agreed that Brush should deliver to plaintiff the deed from defendant to Batchelder, when the patent was obtained, to be placed upon record to perfect the title to the lots held under the trust deed; that defendant well knew and had notice that plaintiff was relying upon the completion of this title for the security of his claim against Batchelder; that Batchelder was, during all this time closing his business and preparing to leave the State; that defendant knew this and knew also that plaintiff was relying upon his good faith in com-

pleting said contract according to its terms; that Batchelder left the State about the 1st of April, 1859, leaving no property, and is insolvent; that in June, 1859, plaintiff procured the patent aforesaid, delivered the same to Brush, procured the deed from defendant to Batchelder and had it put upon record; but that he has discovered that the title thereto is wholly worthless, for that defendant did on the 29th of April, 1859, fraudulently, and with intent to destroy plaintiff's security, convey the said lots to one Gray by proper deed, which was placed upon record before plaintiff could procure the prior deed placed in the hands of Brush; that by reason of said wrongful and fraudulent acts aforesaid of said defendant, plaintiff has lost all security for his debt; that said property was amply sufficient in value to secure his claim, whereby defendant is liable to plaintiff for the amount thereof, &c.

We are not advised by counsel of the grounds upon which this demurrer was sustained. We regard the petition sufficient, and shall proceed, therefore, to notice the objections made to it in argument.

The petition does not count upon a contract, nor are there two causes of action stated therein. We understand it to be, what under the common law classification would be an *action on the case* for the *fraud* of the defendant. What is said upon the subject of the contract, or the several contracts, is but an inducement and for the purpose of showing the manner in which the fraud was committed. The gravamen of the action is the fraud.

It is entirely immaterial whether the deed placed in the hands of Brush took effect from that time, or only from the date of its subsequent delivery to plaintiff. Though the title may have remained in Blakeslee until such actual delivery, plaintiff's action, under the circumstances stated, would not be defeated. Defendant was bound to act in good faith. If he was guilty of fraud and there was consequent

damages, he was liable. He at least made a deed, and upon the consummation of the proposed transaction in good faith plaintiff relied, and was justified in so doing. If subsequently, for the purpose of defrauding plaintiff, defendant made a conveyance to a third person, whereby plaintiff entirely lost his security, then upon the soundest principles of natural justice, long recognized in the law, he should pay the resulting damages. Suppose he had made no deed, but had entered into a written contract to make the conveyance so as to complete plaintiff's security when the Tupper's patent was procured, having received all the purchase money, and had subsequently for the purpose of defrauding plaintiff conveyed to a third person, whereby plaintiff was deprived of his contemplated and promised security, would there not be liability? It seems to us most clearly so, and that the rule is not different when the deed has been made and deposited with a third person for subsequent delivery.

It matters not that the contract of sale was between Batchelder and Blakeslee. It is not for a breach of this contract that plaintiff seeks to recover. He complains that defendant violated his contract with the intent to defraud plaintiff, after the parties had mutually entered into an arrangement, which was to be beneficial to defendant, and result in the security of plaintiff's claim.

The fact that the agreement of the more immediate parties to the contract (Batchelder and Blakeslee,) was in legal contemplation incorporated in their deeds, can not avail defendant. This has nothing to do with his false and fraudulent representations, nor with his fraudulent act after the deeds were made. It is well settled that what is said in good faith in a treaty for purchase and sale is merged in the purchase when consumated; but if the representations were known to be false, and have produced damage, the consummation of the contract will not shield the party from the consequences of his fraudulent representations. Much more will

this be true when the fraud occurred after.  Now, in this case defendant could dispose of the lots notwithstanding his deed to Batchelder, and the person purchasing without notice would take a good title.  But, if he by his acts, conduct, and agreement, induced the plaintiff to rely upon his consummating in good faith the arrangement, and if he afterwards with a fraudulent intent made a conveyance which deprived plaintiff of his expected and rightful security, we think, in the language of Chancellor KENT, "that as a principle of universal law, and independently of all adjudged cases," he should suffer the consequences.

Reversed.